DAVID S. SILBER (SBN 176377)
ATTORNEY AT LAW
P O Box 768
Nevada City, California 95959
(530) 265-9529 Telephone
(530) 687-0306 Fax
Attorney for Plaintiff
Janet Green

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET GREEN as SUCCESSOR IN INTEREST OF THE ESTATE OF MARQUON DE'ANTHONY VASQUEZ,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, and DOE 1-DOE 100 inclusive,<br><br>Defendants. | CASE NO:<br><br>COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS AND STATE LAW |

Plaintiffs complain and allege as follows:

## JURISDICTION AND VENUE

1. This complaint seeks damages and attorneys' fees pursuant to Title 42 U.S.C. sections 1983 and 1988 for violations of decedent's and survivor's civil rights and violations of California State law. Jurisdiction is founded upon Title 28 U.S.C. sections 1331 and 1343. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

2. Plaintiffs' claims arose in the County of Solano, California. Venue lies in the Eastern District of California pursuant to 28 U.S.C. § 1291(b)(2).

INTRODUCTION

3. This action arises out of the untimely and avoidable death of Marquon De'Anthony Vasquez ("Vasquez") at California Medical Facility (CMF) on September 26, 2017. At the time of his death, Green had been in a coma for almost a month following a tragic event that occurred at California State Prison Solano (SOL). Officials told the family that Vasquez attempted to hang himself using bed sheets while he was on a suicide watch.

4. Despite being on a suicide watch, Vasquez had access to a bed sheet that was purportedly used to hang himself. Correctional Officers found him in the cell that they were supposed to be closely monitoring. He was found unconscious and barely breathing. The officers did not closely monitor him. They left him alone and when he was found he was taken to the California Medical Facility (CMF), in Vacaville where he was kept alive on life support for almost a month until he passed away on September 26, 2017. While on suicide watch he was supposed to be closely monitored, but he wasn't, obviously.

5. Hardened by an institutional culture of callousness, the correctional officers, and staff clearly failed to follow CDCR policies that have been put in place to deal with suicidal inmates. If he was on suicide watch why was he not closely monitored, why did he have the means to allegedly hang himself with a sheet if he was on suicide watch?

6. The level of observation was so low that it is impossible to determine the time at which Green, allegedly hanged himself. Plaintiff has reason to believe that her son was not suicidal and in fact just two days before he plunged into the coma that he never recuperated from, the two had a very positive phone call and Green was upbeat and not at all suicidal. He told his mom, plaintiff and successor in interest Janet Green that he had a lot of important things to discuss with her but did not want to mention anything over the phone because the prison officials monitor all phone calls. In fact, plaintiff received letters written by her son wherein he attempted to relay information to his mom that the staff including correctional officers and others were engaged in severe abuse of him and other inmates.

7. There was an attempt to cover up the cause of Vasquez's injury and ultimate death and to conceal the facts regarding the cause of of Vasquez's injuries. This cover up was motivated by a

desire to not be held accountable and not take any responsibility for criminal acts against a young man who was facing 25 years to life in prison. When plaintiff was first notified by the prison that her son was in a coma and barely alive, she was shocked. She then began to wonder if this series of tragic events had anything to do with what her son told her he wanted to talk about but couldn't because he knows that all calls are monitored.

## PARTIES

8.  Born September 12, 1989, Marquon De'Anthony Vasquez was a 28-year-old citizen of the United States at the time of his death.

9.  Plaintiff Janet Green, decedent's mother is the successor in interest of Marquon De'Anthony Vasquez.

10. California Department of Corrections and Rehabilitation was at all times mentioned herein a California Agency that operates the prisons in California and specifically the prison where Vasquez was injured and died.

11. Plaintiff is unaware of the true names and capacities of the defendants sued herein as Doe 1 through Doe 100, whether individual, corporate, associate, or otherwise.  Plaintiff will amend this complaint if and when the true names and capacities have been ascertained. Plaintiff is informed and believes and on such grounds alleges that each of the Doe defendants is responsible in some actionable manner for the events, occurrences, defalcations, and damages alleged herein, are the authorized agents of each of their individual co-defendants, and each was acting within the course, scope and authority of said agency, or in concert of one or the other.

12. Plaintiff is informed and believes and thereon alleges that the Defendants and each of them, and Doe 1 through Doe 30, inclusive, were in some manner negligently or otherwise tortuously responsible for the events and happenings hereinafter alleged, and that each are vicariously liable for the acts of each other.

13. Upon information and belief, Defendants Doe 31 through Doe 50, were correctional officers, or other employees  working for the California Department of Corrections under color of state law.

Statement by Plaintiff and Successor in Interest Pursuant to CCP§377.32

14. Upon information and belief, Defendant Doe 51 through Doe 80 were at all times mentioned herein individuals working for CDCR who were acting under color of state law, or individuals working for the California Department of Corrections or the facility that Vasquez died at and acting under color of state law. Defendant Does 81 through 100 were involved the investigation and cover up of Vasquez's death and were responsible for covering up the unlawful conduct of the other Doe defendants and the named defendants identified herein, or knowingly and actively participated in the events alleged herein.

COMPLIANCE WITH GOVERNMENT TORT CLAIM PROCEDURES

15. As a pre-requisite to the state law claims alleged herein against State of California employees/agents, Plaintiffs filed governmental claims with the California Department of General Services Office of Risk and Insurance Management on March 25, 2018.

/s/David S. Silber

_____.

David S. Silber, Attorney for
Plaintiff Janet Green