UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET A. GREEN, SUCCESSOR IN INTEREST OF THE ESTATE OF MARQUON DE'ANTHONY VASQUEZ,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS,<br><br>Defendant. | No. 2:18-cv-02962-KJM-DB<br><br>ORDER |

Plaintiff moves to proceed in forma pauperis. As explained below, plaintiff's motion is GRANTED but her complaint is DISMISSED with leave to amend.

A party may proceed in forma pauperis in a civil action to avoid abandoning "what may be a meritorious claim in order to spare himself complete destitution." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 340 (1948); *see* 28 U.S.C. § 1915(a). To establish eligibility to proceed in forma pauperis, an applicant must "submit[] an affidavit that includes a statement of all assets," demonstrating the applicant "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The applicant must "allege poverty 'with some particularity, definiteness and certainty.'" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. June 4, 2015) (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)). A request to proceed in forma pauperis may be granted where an affidavit indicates the party "cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the

necessities of life." *Adkins*, 335 U.S. at 339.  The court is required to screen complaints brought by litigants granted leave to proceed in forma pauperis. 28 U.S.C. § 1915(e)(2); *see Lopez v. Smith*, 203 F.3d 1122, 1142 n.7 (9th Cir. 2000).

Here, plaintiff's application, submitted under penalty of perjury, establishes she cannot pay fees required in this action while providing for herself and her dependents; she is therefore entitled to proceed in forma pauperis. *See* Mot., ECF No. 3. Plaintiff indicates her monthly take-home pay is $500, which she receives through Temporary Assistance for Needy Families. *Id.* at 1. She receives an additional $200 each month in housing assistance. *Id.* She currently has $20.00 in her checking or savings account and declares she does not own any items of value. *Id.* at 2. Finally, she has two minor children for whom she is responsible. *Id.* These allegations suffice and plaintiff's motion to proceed in forma pauperis is GRANTED.

The court finds, however, that plaintiff's four-page complaint, as alleged, does not state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B); Compl., ECF No. 1. Plaintiff names only the California Department of Corrections and 100 Doe defendants in her complaint "seek[ing] damages and attorneys' fees." *See* Compl., ECF No. 1. The Eleventh Amendment bars claims against a state in federal court. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985). This bar extends to claims against state agencies, and thus bars claims brought in federal court against the California Department of Corrections. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); *Brown v. California Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009); *Hubbard v. California Dep't of Corr. & Rehab.*, 585 F. App'x 403, 404 (9th Cir. 2014) (affirming dismissal of claims against the California Department of Corrections and Rehabilitation under the Eleventh Amendment and collecting cases). The court must dismiss a case that "seeks monetary relief against a defendant who is immune from such relief," 28 U.S.C. § 1915(e)(2)(B)(iii), and must therefore dismiss plaintiff's claims against the California Department of Corrections.

///

///

///

Plaintiff's motion to proceed in forma pauperis is GRANTED, the complaint is DISMISSED and plaintiff is GRANTED leave to file an amended complaint consistent with this order within twenty-one (21) days of this order.

IT IS SO ORDERED.

DATED: January 10, 2019.

_____
UNITED STATES DISTRICT JUDGE